No. 177

SCHWINDT et al v. GRAEFF et al

Ohio Supreme Court

No. 17952. Decided February 26, 1923

683. JURY—Common law rule that a verdict of a jury is not to be impeached by affidavit of a member that deciding vote came from a juror who voted according to a coin toss, although affiants did not join in the verdict.

ROBINSON, J.

In this action in the Common Pleas of Tuscarawas county, after a verdict was returned against Schwink, sustaining a will, a motion for a new trial was made, supported by the affidavits of two of the jurymen, that when the jury stood eight to four, one of the members stated that he would toss a coin, and if it fell head up, he would vote with the other eight. It failed to so come, and after more voting without change, he again tossed coins, proposing that if there were two heads, he would change his vote. Two heads came up, and he then voted with the other eight, and they rendered a verdict signed by himself as one of the nine. The motion was overruled, and on error to the Appeals, it affirmed the Common Pleas.

The case was taken by Schwindt to the Supreme Court, which held as follows:

Prior to the Federal Constitution the policy of the courts was that the verdict of a jury could not be impeached by the evidence of its members, and upon its adoption the doctrine was continued by the declaration that the right of trial by jury as it then existed should be preserved, citing as authority an old case, 1785, wherein Lord Mansfield held that a court could not receive an affidavit from a juryman, in such a case, but must derive its knowledge from some other source, such as from a person having seen the transaction by peeping through a window, or some other means.

The principle has been followed, and while there is perhaps no restraining hand which would prevent a court of last resort from abrogating or modifying a common law principle, the power has not been vested in the courts by the legislature. The fact that the jurors testifying in this case did not join in the verdict, did not take their testimony out of the operation of the rule.

While the cause presents a situation which strains the rule almost to a breaking point, it must be adhered to as being calculated to do justice in the greatest number of cases. Judgment of Common Pleas affirmed.

Jones, Matthias and Day, JJ., concur; Marshall, Wanamaker and Allen, JJ., dissent.

**Attorneys**—Seikel & Hill and Mitchell & Mitchell, for Schwindt; R. C. Bowers and Wilkin, Fernsell & Fisher, for Graeff; all of New Philadelphia.

---

In fixing the subscription price for the Abstract, we calculated the expense of publication based upon present costs of labor, materials and other expense, and made it as los as it can be safely placed. It should be borne in mind that a paper at too cheap a price means one which must be impoverished likewise in quality. Not, "how cheap," but "how good," can we make the paper, is to be our criterion, and it is upon this platform and with this slogan that we are conducing the publication. Many improvements have been made during the past year, and more will follow, as fast as they can be conservatively made.

---

# Weekly Abstract Of Pending Cases

Do not think that because we are omitting Pending Cases this week that we undervalue them, or are going to slight them hereafter. In fact we are coming back in our next issue with an increased number.